UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

MARK HAMMING and MARGARET
HAMMING,

Case No. 21-01475-swd
Hon. Scott W. Dales
Chapter 13

           Debtors.

_____ /

## MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
                Chief United States Bankruptcy Judge

Roger G. Cotner, Esq., counsel for chapter 13 debtors Mark and Margaret Hamming (the "Debtors"), filed his Second Application for Allowance and Payment of Debtors' Attorneys' Fees and Expenses (the "Second Application," ECF No. 134). The Debtors attempted to file an objection (the "Objection," ECF 139), but the Clerk struck that document because it did not bear their signatures. *See* LBR 5005-2(c) and Fed. R. Bankr. 9011(a). The local rule afforded Debtors a 14 day grace period to file a *signed* version of their Objection, after the Clerk conditionally struck it. Under that rule, any amended filing to correct the omission of a signature "is considered filed as of the date the document was originally filed." LBR 5005-2(c).

After the Clerk struck the unsigned Objection, but during the 14-day period the rule allows for retroactive amendment, Mr. Cotner, the chapter 13 trustee, and the United States Trustee filed a stipulated order reducing the fees and expenses that Mr. Cotner requested through the Second Application, and Mr. Cotner filed a certificate of no objection. The court reviewed the itemization supporting the Second Application, the certificate of no objection, and the proposed reduction, and

allowed the fees in a reduced amount, not realizing the Debtors had time remaining to submit a signed version of the Objection under the grace period prescribed in LBR 5005-2(c).[1]

When the Debtors timely filed the signed version of their Objection, the court realized it had prematurely approved the Second Application, and therefore set it (and the Objection) for hearing and *de novo* review under the circumstances.  The hearing took place on March 25, 2025, in Grand Rapids, where Mr. Hamming, Mr. Cotner and attorneys for the United States Trustee and chapter 13 trustee appeared and offered arguments.

In considering the Second Application originally, and again on *de novo* review, the court applies the lodestar analysis, which involves evaluating the reasonableness of the attorney's hourly rate and hours spent on professional services.  *Boddy v. United States Bankruptcy Court (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991).

Although the court's initial review of the Second Application prompted some misgivings -- for example, concerns about counsel's charging attorney's fees for tax preparation and travel (and imposing those fees on creditors as a cost of administration) -- the reduction that the United States Trustee and chapter 13 trustee negotiated assuaged the court's concerns.  Upon a fresh look, the court hews to its decision to approve the Second Application (as modified by the earlier stipulation).

The Objection (as supplemented), does not apply a lodestar analysis, but instead posits generally that fees over $36,000 for a chapter 13 proceeding are excessive or, in the Debtors' words, "an obscene misuse of our trust."  (Statement from Debtors dated Feb. 4, 2025, ECF No. 148).  The Debtors' approach brings to mind the rule of reason in *In re Ulrich*, 517 B.R. 77, 87 (Bankr. E.D. Mich. 2014) ("Ordinarily, the Court is reluctant to make an overall reduction of a

---

[1] In the coming months, as the local rules committee considers revising the rules, it would behoove the committee to discuss, and consider harmonizing, LBR 9013(c) and LBR 5005-2(c).

requested fee when the individual time entries, viewed in isolation, appear to be reasonable for purposes of a lodestar calculation.  But not where these time entries, when added together, produce a fee that the Court finds to be unreasonable after 'taking into account all relevant factors' under § 330(a)(3) and (4).").

The court agrees with the Debtors that Mr. Cotner's aggregate fee in this chapter 13 case is extraordinary, but notes (as Debtors do) that the bulk of the fee is attributable to their prosecution of an ultimately unsuccessful adversary proceeding against a secured creditor, Avail Holding LLC. In any attorney-client relationship, the lawyer is the agent for the client, and the client is the principal.  Lawyers do not file complaints without a willing client -- here the Debtors -- and the clients, though counseled, must share the responsibility for (and frequently the costs of) litigation they ultimately regard as imprudent, unsuccessful, or otherwise regrettable.

The court has reduced Mr. Cotner's fees on two occasions in this case (most recently in response to the informal challenge of the chapter 13 trustee and United States Trustee), and it did so by applying the lodestar analysis.  Upon *de novo* review, though nevertheless mindful of Judge Shefferly's persuasive opinion in *Ulrich*, the court will not further reduce Mr. Cotner's fee.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtors' Objection (ECF No. 139) is OVERRULED, and the Second Application (ECF No. 134) is APPROVED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors (by first class U.S. Mail), Roger G. Cotner, Esq., Elizabeth Clark, Esq., and Elizabeth Patrick, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 26, 2025**



_____
Scott W. Dales
United States Bankruptcy Judge